RECEIVED

DEC 3 1 2013
M/b
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GEVAS,<br>  Plaintiff,<br>V.<br>F.A. CRAIG,<br>JACQUELINE MITCHELL-LAWSHEA,<br>DORRETTA M. O'BRIEN,<br>and<br>WEXFORD HEALTH SOURCES, INC.,<br>  Defendants. | Case No. _____<br><br>14CV00004<br>JUDGE LEE<br>MAGISTRATE JUDGE FINNEGAN |

## COMPLAINT

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3) and supplemental jurisdiction of state law cliams under 1367(a). Plaintiff GEVAS seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff GEVAS cliams for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Fed.R.Civ.P.

2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

3. Plaintiff, DAVID GEVAS, is and was at all times mentioned herein a prisoner of the state of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Stateville Correctional Center in Joliet, Illinois.

4. Defendant, F.A. CRAIG is an oral surgeon and his place of employment is Stateville Correctional Center.

5. Defendant, JACQUELINE MITCHELL-LAWSHEA is a dentist supervisor of the dental department and her place of employment is Stateville Correctional Center.

6. Defendant, DORRETTA M. O'BRIEN is the Assistant Warden of Programs and resposible for the Health Care Unit and her place of employment is Stateville Correctional Center.

7. Defendant, WEXFORD HEALTH SOURCES, INC., is the for profit vendor under contract to provide medical care for inmates at Stateville Correctional Center.

8. Each Defendant is sued individually. Defendants O'Brien and Wexford Health Sources, Inc., (Wexford) are sued in their official capacity for purposes of injunctive relief.

FACTS

9. On 8/6/2010 Plaintiff was referred to Defendant CRAIG for evaluation of scare tissue bulge on his inner lower lip causing lip bitting, severe pain, and trauma when eating.

10. On or about 9/28/201 Defendant CRAIG evaluated Plaintiff's scare tissue on the inner lower lip causing lip bitting, severe pain, and trauma when eating and determined that he would remove the scare tissue bulge (mucucele) by excision and detrmined the procedure serious and urgent.

11. On or about 9/28/2010 Defendant CRAIG explained to the Plaintiff how he would remove the mucocle from his inner lower lip by excision and Plaintiff agreed.

12. On or about 12/14/2010 Plaintiff reported to his dental pass at which time Defendant CRAIG examined Plaintiff's mucocle on his inner lower lip and then had Plaintiff sign a consent form for medical treatment.

13. On or about 12/14/2010 after Defendant CRAIG examined Plaintiff's mucocele on his inner lower lip and then sign a consent form for medical treatment and prepared for the serious and urgent procedure of removing the mucocele, Defendant MITCHELL-LAWSHEA pulled Defendant CRAIG to the side room and/or office for about 10-15 minutes.

14. On 12/14/2010 after about 10-15 minutes both Defendant CRAIG and Defendant MITCHELL-LAWSEA emerged from the room and/or office at which time Defendant CRAIG told Plaintiff that he can not remove the mucocele because he doesn't have the proper lazer.

15. On 12/14/2010 Plaintiff respended to Defendant CRAIG and told him that he explained the serious and urgent procedure and it did not include any lazer. Defenadnt CRAIG then responded that the dental office is not sterile enough. Plaintiff responded that the severe pain outweighs that and Defendant CRAIG responded talk to Defendant Mitchell-Lawshea while pointing at her.

16. On 12/14/2010 after Defendant CRAIG told Plaintiff to talk to Defendant MITCHELL-LAWSHEA, Plaintiff inquired of Defendant MITCHELL-LAWSHEA and she responded that Plaintiff should go back to a medium prison, cost to much money to send to the UIC and Plaintiff is not worth it, and Plaintiff should not have sued her. See Gevas v. Borkowski, et al., Case No. 08-C-3074 N.D. Ill. and CA7 order, No. 11-2740.

17. On 12/14/2010 Defenadnt CRAIG and Defendant MITCHELL-LAWSHEA conspired and fabricated a reason to deny the removal of the mucocele by indicating in Plaintiff's medical file that the mucocele ruptered and was opened, the layer of tissue was shown to the patient. which was absolutely false.

18. After no follow up as fabricated in Plaintiff medical file, Plaintiff made three requests to Defendant MITCHELL-LAWSHEA to be sent to the UIC for a referral consult. On the first request, Defendant MITCHELL-LAWSHEA requested Dr. Paratha Ghosh to examine the Plaintiff's mucocele at which time Dr. Ghosh determined that he would send the Plaintiff out for the consult and Defendant MITHCHELL-LAWSHEA deliberately refused to write the consult. On the senodn request Defendant MITCHELL-LAWSHEA requseted Dr. R. Shaefer to exmaine the Plaintiff's mucocle at which time he determined the need for removal and would send the Plaintiff out for the consult and Defendant MITCHELL-LAWSHEA delibaretly refused to write the consult. On the third request by the Plaintiff, Defendant MITCHELL-LAWSHEA did not have the medical director examine the Plaintiff's mucocele and wrote a referral for consult using the fabricated and false conspired reason for denial on 12/14/2010..

19. Defendant MITCHELL-LAWSHEA has a policy, practice and custom of treating inmates who file grievances and lawsuits against her differently than those who do not.

20. After explaining to Dr. S. Obaisi of what Defendant CRAIG and Defendant MITCHELL-LAWSHEA were doing, he wrote the referral consult for Plaintiff to be evaluated at the UIC Ear Noes and Throat (ENT).

21. On or about 7/25/2013 the UIC ENT examined the Plaintiff's mucocele on the inner lower lip and detrmined the mucocele be removed. Furthermore, the mucocele was in the same state, condition as presented on 12/14/2010.

22. On or about 10/7/2013 Plaintiff informed Defendant

O'Brien who is the Assistant warden resposible for the Health Care Unit at Stateville Corr. Center of the recommended removal of the mucocele on the inside of his lower lip. According to Defendant O'BRIEN she was aware of the need and she would get the UIC ENT appointment scheduled. To Date, Plaintiff is still waiting for the removal of the mucocele on his inner lower lip causing svere pain and tramua when shewing food by the UIC ENT.

23. Defendant WEXFORD HEALTH SOURCES, INC. knowingly lacks competent personal to porperly process Plaintiff's consult from the UIC ENT regarding the removal of the mucocele on his inner lower lip when chewing food.

24. Plaintiff reallege and incorporate by reference paragraphs 1-23.

25. The retaliation violated Plaintiff David Gevas rights and constituted a violation of his First Amended Rights and cruel and unusual punishment under the First and Eighth Amendments to the United States Constitution.

26. The deliberate indifference to medical needs violated Plaintiff David Gevas rights and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

27. The custom, practice and policy of treating Plaintiff differently violated Plaintiff David Gevas rights and constituted and equal protection violation under the Fourteenth Amendment to the United States Constitution.

28. The failure to use reasonable amount of care, and/or failure of duty violated Plaintiff David Gevas rights and constituted negligence and/or medical negligence under state of Illinois law.

29.   The injurious and/or unprofessional treatment and/or culpable neglect violated Plaintiff David Gevas rights and constituted medical malpractice under state of Illinois law.

RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter judgment granting plaintiff:

30.   A declaration that the acts and ommissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

31.   A preliminary and permanent injunction ordering defendants O'BRIEN and WEXFORD to send the Plaintiff to the UIC ENT for the recommended prcedure of removal of the mucocele on the inner lower lip and any other relief the Court deems just and proper.

32.   Compensatory damages as allowed by law against each defendant, jointly and severally.

33.   Punitive damages as allowed by law against each defendant.

34.   A jury trial on all issues triable by jury.

35.   Plaintiff's costs in this suit and any attorney costs.

36.   Any additional relief the Court deems just and proper.

Date: 12/18/2013.

David Gevas, B41175
P.O. BOX 112
Joliet, Illinois 60434

VERIFICATION

I, DAVID GEVAS cerify under penalty of perjury that the foregoing is true and correct.

Executed at Joliet, Illinois on 12/18/2013.

David Gevas, B41175

<u>CERTIFICATE OF SERVICE</u>

GEVAS v. CRAIG, et al.,

I, DAVID GEVAS SWEAR UNDER PENALTY OF PERJURY THAT I SERVED THE ORIGINAL AND SIX COPIES OF THE Complaint IN THE ABOVE ACTION ON THE CLERK'S OFFICE, 219 S. DEARBORN ST, CHGO, IL. 60604 By placing IT IN THE MAIL AT THE STATEVILLE Corr. CENTER ON <u>12/18/2013</u>.

/S/ David G—