IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GEVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 4 |
| | ) | |
| F.A. CRAIG, et al., | ) | Judge Lee |
| | ) | Magistrate Finnegan |
| Defendants. | ) | |

**DEFENDANTS O'BRIEN AND MITCHELL'S RESPONSE TO PLAINTIFF'S
MOTIONS REGARDING SERVICE ON DEFENDANT CRAIG**

Defendants DORETTA O'BRIEN and JACQUELINE MITCHELL, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, pursuant to this Court's December 11, 2014 Order, hereby respond to Plaintiff's Motion for an Order Compelling Discovery (Docket No. 56), Motion for Court Assistance and/or Order (Docket No. 57), Motion to Reinstate Defendant Craig (Docket No. 58) and Supplement to Motion to Reinstate Defendant Craig (Docket No. 61), and state as follows:

**A. Plaintiff's Motion for an Order Compelling Discovery**

Plaintiff filed a Motion for an Order Compelling Discovery on November 19, 2014. Docket No. 56. Plaintiff argues that Defendants O'Brien and Mitchell gave an evasive response to Plaintiff's interrogatory. Docket No. 56, pg. 2. Plaintiff's interrogatory sought the name and address of Dr. Frederick Craig's employer, the dates and times Dr. Craig was/is scheduled to work at Stateville Correctional Center ("Stateville"), and any addresses for Defendant Craig maintained by the Illinois Department of Corrections ("IDOC"). Docket No. 56, pg. 1. Defendants O'Brien and Mitchell objected to Plaintiff's request as it was overly broad, vague

1

and not reasonably tailored to lead to the discovery of admissible evidence.  Docket No. 56, pg. 2.

Federal Rule of Civil Procedure 37 provides that "…a party may move for an order compelling disclosure or discovery.  The motion must include a certification that movant has in good faith conferred or attempted to conger with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(1).  Plaintiff's motion to compel fails to include a certification indicating that he made any efforts whatsoever to confer with counsel for Defendants Mitchell and O'Brien.  Accordingly, Plaintiff's motion should be denied for failure to comply with Rule 37.

Moreover, Plaintiff's motion should be denied because Defendants Mitchell and O'Brien fully answered Plaintiff's interrogatory subject to valid objections consistent with Rule 33.  Defendants Mitchell and O'Brien are employees or former employees of the IDOC.  Dr. Craig, upon information and belief, is either employed by, or works as a contractor for Wexford Health Sources, Inc.  Dr. Craig is not employed by the IDOC.  Defendants Mitchell and O'Brien are not in a position to provide employment information for Dr. Craig.  Defendants Mitchell and O'Brien fully responded to Plaintiff's interrogatory subject to valid objections, and thus Plaintiff's motion to compel should be denied.

 **B. Plaintiff's Motion for Court Assistance and/or Order**

Plaintiff filed a Motion for Court Assistance and/or Order requesting that the Court assist Plaintiff in "properly serv[ing] defendant Craig…" Docket No. 57, pg. 1.  In his motion, Plaintiff argues that Defendants Mitchell and O'Brien indicated in their interrogatory answer that Dr. Craig was, upon information and belief, employed by Wexford Health Sources, Inc.  However, according to Plaintiff, Wexford Health Sources, Inc. denied that Dr. Craig was or is

employed there. Docket No. 57.

In preparing the response to Plaintiff's motions, counsel for Defendants made additional inquiries to the IDOC regarding contact information for Defendant Craig. The IDOC does not have additional contact information for Defendant Craig. However, to the extent that such information becomes available to the IDOC in the future, the IDOC will provide that information to the United States Marshals' Service for purposes of effecting service on Defendant Craig. Accordingly, Plaintiff's Motion for Court Assistance should be denied as to Defendants Mitchell and O'Brien.

### C. Plaintiff's Motion to Reinstate Defendant Craig and Plaintiff's Supplement to Motion to Reinstate Defendant Craig

Plaintiff also filed a Motion to Reinstate Defendant Craig and a supplement to that Motion. Docket Nos. 58, 61. On November 18, 2014, this Court dismissed Defendant Craig from this lawsuit stating "Because defendant F.A. Craig is not central to Plaintiff's claims and the U.S. Marshal Service has been unable to serve him, this defendant is dismissed without prejudice." Docket No. 58. In his motion, Plaintiff argues that Defendant Craig is central to Plaintiff's claims and that Plaintiff has made diligent efforts to serve Defendant Craig. Docket No. 58, pg. 1-3.

Plaintiff also argues in his motion that his correctional counselor did not facilitate his telephone court call "and/or Erin R. Gard, Assistant Attorney General did not 'arrange for Plaintiff's participation by telephone' as ordered by this Court. Either way it was done intentionally, it has happened in the past and again…" Docket No. 58, p. 2. Counsel for Defendants Mitchell and O'Brien complied with this Court's orders and made arrangements for Plaintiff to participate in the status hearing by telephone. However, for reasons beyond counsel's

control the Court was not connected with Plaintiff by telephone on November 18, 2014. Plaintiff's claims are inaccurate, baseless and do not support his argument regarding reinstatement of Defendant Craig.

As set forth in their Answer, Defendants Mitchell and O'Brien deny that Plaintiff's claims have any merit whatsoever. Apart from this, Defendants Mitchell and O'Brien take no further position on whether Dr. Craig should be reinstated as a Defendant. However, in his supplemental filing, Plaintiff states that he "will effectuate service of process through a process service and not the U.S. Marshals service, on Defendant F.A. Craig." Docket No. 61. It appears that Plaintiff has found a means to address his concerns regarding service on Dr. Craig. Accordingly, his motion and supplement should be denied.

WHEREFORE, Defendants DORETTA O'BRIEN and JACQUELINE MITCHELL respectfully pray that this Honorable Court deny Plaintiff's Motions, and for such further relief the court finds reasonable and just.

                                              Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois            /s/ Erin R. Gard
                                              ERIN R. GARD
                                              Assistant Attorney General
                                              General Law Bureau
                                              100 W. Randolph St., 13th Fl.
                                              Chicago, Illinois 60601
                                              (312) 814-5163